UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER A. STANTON,

    Plaintiff,

        v.                             CAUSE NO. 3:20-CV-378-RLM-MGG

WEXFORD MEDICAL,

    Defendant.

OPINION AND ORDER

Christopher A. Stanton, a prisoner without a lawyer, filed a complaint alleging that he was denied medically necessary sleeping arrangements at Westville Correctional Facility. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Stanton alleges that he suffers from diabetic seizures. When he arrived at Westville on November 1, 2019, he told medical staff he couldn't sleep on the top of a bunk bed due to his seizures and "other medical problems." ECF 1 at 7. The medical staff told him he didn't meet the criteria for a bottom bunk pass. Mr. Stanton told several prison officers about his complaints, but none took any action. *Id*. On two

separate occasions in December 2019, he had a diabetic seizure and fell out of the top bunk bed, leaving him with persistent migraine headaches. *Id.* at 7-8.

Mr. Stanton claims that being forced to sleep on the top bunk when he had a history of seizures violates the Eighth Amendment. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). To state a claim for failure to protect, a plaintiff must establish that he was incarcerated under conditions posing a substantial risk of serious harm and that the defendants acted with deliberate indifference to his health or safety. Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010).

It's not entirely clear what the bunk bed policy was, but Mr. Stanton alleges that Wexford Medical, the company providing health care at the prison, had a policy not to grant a bottom bunk pass to a person with his medical conditions. ECF 1 at 7. A private company performing a state function can be held liable to the same extent as a municipal entity under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). Corporate liability exists "when execution of a [corporation's] policy or custom . . . inflicts the injury." Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005). Mr. Stanton has raised a plausible inference that Wexford had a policy of declining to place individuals with diabetic seizures on the bottom bunk, despite it being medically necessary to do so.

This claim can't proceed against the other defendants he has named. Mr. Stanton names the Indiana Department of Correction, but the Eleventh Amendment doesn't allow a plaintiff to sue a state agency under § 1983. de Lima Silva v. Dep't of Corr., 917 F.3d 546, 565 (7th Cir. 2019). He names Superintendent John Galipeau and several prison officers, but there are no facts to indicate that they were directly involved with Mr. Stanton's medical care or his bunk pass.[1] Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018) ("[T]o be liable under section 1983, [a defendant] must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights.").

Next, Mr. Stanton claims that certain prison officers denied him medical care when he fell off the bed. Inmates are entitled to adequate medical care, and Mr. Stanton could state a claim against the officers if he pleaded facts showing that they were deliberately indifferent to his serious medical need. Estelle v. Gamble, 429 U.S. 97 (1976). To establish liability, he must show that: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. at 834. A medical need is "serious" if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005).

Mr. Stanton alleges that Officers Joshua Robinson, Christopher Saulnier, and Arianna Harmon "refused [him] medical treatment" and did not "call . . . for medical

---

[1] Mr. Stanton says that in response to his inquiries, several unnamed "officers and [sergeants]" told him that he didn't meet the bottom bunk criteria. ECF 1 at 7. Given his allegations that the medical staff made the bunk assignment decision, the complaint does not support a plausible inference that these officers were themselves responsible for that decision.

3

to respond" to his falls. ECF 1 at 7, ECF 1-1 at 2. There are no other allegations about these officers. The statement that the officers did not summon medical personnel, by itself, doesn't raise a plausible inference that they were deliberately indifferent to Mr. Stanton's safety. It doesn't show that when the officers saw him, he had an "obvious" need for a doctor's attention that they consciously ignored. The complaint doesn't indicate when or how the officers saw him, what his condition was at the time, or how they knew he needed medical attention.

For these reasons, the court:

(1) GRANTS Christopher A. Stanton leave to proceed against Wexford of Indiana, LLC for compensatory and punitive damages for its policy and practice of violating the Eighth Amendment by denying medically necessary bottom bunk passes to individuals suffering from diabetic seizures;

(2) DISMISSES all other claims;

(3) DISMISSES John Galipeau, State of Indiana, Joshua Robinson, Christopher Saulnier, and Arianna Harmon;

(4) DIRECTS the clerk to request waiver of service from (and if necessary, the United States Marshals Service to serve process on) Wexford of Indiana, LLC with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Wexford of Indiana, LLC to respond as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which Christopher A. Stanton has been granted leave to proceed in this screening order.

SO ORDERED on April 8, 2021

                                                s/ Robert L. Miller, Jr.
                                                JUDGE
                                                UNITED STATES DISTRICT COURT